a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| VICTOR LOVE, Petitioner | CIVIL DOCKET NO. 5:20-CV-0111-P |
| VERSUS | JUDGE FOOTE |
| JERRY GOODWIN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by *pro se* Petitioner Victor Love (#629901) ("Love"). Love is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Allen Correctional Center in Kinder, Louisiana. Love challenges his conviction and sentence in the First Judicial District Court, Caddo Parish.

Because Love's § 2254 Petition (ECF No. 1) is untimely, it should be DENIED and DISMISSED WITH PREJUDICE.

I.   Background

Love was convicted of armed robbery while possessing a firearm in violation of La. R.S. 14:64 and 14:64.3. *State v. Love*, 50,238 (La. App. 2 Cir. 1/13/16); 185 So.3d 136, 138, *writ denied*, 2016-0317 (La. 2/10/17); 215 So.3d 699. A motion for post-verdict judgment of acquittal was denied. Love was sentenced to 25 years at hard labor. *Id.*

Love appealed through counsel on the grounds of insufficient evidence and excessive sentence. *Id.* He also raised *pro se* claims of "discovery violations and bench

conference exclusion." *See id.* at 142. The Louisiana Second Circuit Court of Appeal affirmed the conviction and sentence. *Id.* The Louisiana Supreme Court denied writs on February 10, 2017. 215 So.3d at 699.

Love filed a "Motion to Vacate, Set-Aside or Correct Illegal Sentence" in the trial court on June 12, 2017. ECF No. 1-3 at 3-9. In his motion, Love alleges that the Bill of Information charging him with robbery was invalid, so the court lacked jurisdiction to sentence him. *See id.* The motion was denied. *Id.* at 10-11.

Love timely field a writ application in the Louisiana Second Circuit Court of Appeal, which was denied "on the showing made" on November 8, 2017. ECF No. 1-3 at 13.

Love sought a writ, which the Louisiana Supreme Court denied on January 14, 2019. *State v. Love*, 2018-0072 (La. 1/14/19); 261 So.3d 770.

II. <u>Law and Analysis</u>

    A. <u>Love's Petition (ECF No. 1) is controlled by Rule 4 of the Rules Governing § 2254 Cases.</u>

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by the Court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases).

    **B.**    <u>Love's Petition is untimely, and he is not entitled to statutory or equitable tolling.</u>

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A).

Love did not seek review in the United States Supreme Court. Therefore, his judgment of conviction became final on May 11, 2017, when the time for seeking review in the United States Supreme Court expired. *See* 28 U.S.C. § 2254(d)(1); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); U.S. Sup. Ct. R. 13.

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *See Ott*, 192 F.3d at 512. However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must follow the applicable laws and procedural rules. *See Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)).

Love filed his post-conviction motion 32 days after his judgment of conviction became final. Although the statute of limitations period was "paused" when the motion was filed, the 32 days between the finality of his conviction and the filing of the motion are counted against the one-year statute of limitations. *Villegas,* 184 F.3d at 472; *Flanagan*, 154 F.3d at 199. The limitations period remained tolled until January 14, 2019, when the Louisiana Supreme Court denied writs. Love had 333 days remaining on the one-year statute of limitations. The limitations period expired on December 13, 2019, and Love did not file his § 2254 Petition until January 23, 2020.

Although the AEDPA's one-year statutory deadline can be equitably tolled in exceptional circumstances, there is no justification for doing so here. *See Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). To invoke equitable tolling, a petitioner must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). A petitioner bears the burden of proof as to equitable tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Claims of ignorance of the law, unfamiliarity with the legal process, illiteracy, or a lack of knowledge of filing deadlines do not suffice. *See Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000) (holding that ignorance of the law, temporary denial of access to legal materials, lack of knowledge of filing deadlines, and inadequacies of a prison law library are insufficient to warrant equitable tolling in the AEDPA context); *Boswell v. Claiborne Par. Det. Ctr.,* 14-

31250, 2015 WL 6161810 (5th Cir. 2015) (lack of knowledge of the law, incorrect legal advice by prison inmate counsel, and lack of access to the prison law library while in administrative segregation do not warrant equitable tolling); *Jones v. Stephens*, 541 F. App'x 499, 503 (5th Cir. 2013) (neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991).

Love provides no evidence or argument that would entitle him to equitable tolling, and the Court knows of no such evidence.

### III. Conclusion

Because the § 2254 Petition is untimely, IT IS RECOMMENDED that Love's § 2254 Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any

extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 6th day of April 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

6