UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **VICTOR LOVE,**<br>**Petitioner** | **CIVIL DOCKET NO. 5:20-CV-0111-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **JERRY GOODWIN,**<br>**Respondent** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## JUDGMENT

For the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein [Record Document 6], and after a *de novo* review of the record including the Objection filed by Petitioner [Record Document 27], the Court finds that the Magistrate Judge's findings and recommendation are correct under the applicable law.

While Petitioner claims he is entitled to equitable tolling, the Court disagrees. To take advantage of equitable tolling, Petitioner must demonstrate that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. See Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010). Petitioner asserts that Offender Substitute Counsel was assigned to assist him with his petition, yet the offender became "incapacitated due to medical reasons and was unable to further assist" in the filing of the petition. Record Document 27, p. 2. However, non-routine logistical hurdles fail to meet a petitioner's burden of establishing equitable tolling. The Fifth Circuit has reminded petitioners that "proceeding pro se is not a rare and exceptional circumstance because it is typical of those bringing a § 2254 claim." Felder

1

v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (internal marks omitted). Claims of ignorance of the law, unfamiliarity with the legal process, illiteracy, or a lack of knowledge of filing deadlines will not suffice. Id. at 171–72 (holding that ignorance of the law, temporary denial of access to legal materials, lack of knowledge of filing deadlines, and inadequacies of a prison law library are insufficient to warrant equitable tolling in the AEDPA context); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (finding no exceptional circumstances where a petitioner did not learn of the AEDPA until forty-three days after its passage and spent seventeen days in an incapacitated psychiatric and medical condition inside the limitations period); Boswell v. Claiborne Par. Det. Ctr., 14-31250, 2015 WL 6161810 (5th Cir. 2015) (lack of knowledge of the law, incorrect legal advice by prison inmate counsel, and lack of access to the prison law library while in administrative segregation do not warrant equitable tolling).

Here, Petitioner did not provide any information regarding his Offender Substitute Counsel's incapacitation nor did he mention how long the offender was unable to assist in the assigned task. Even assuming arguendo that Offender Substitute Counsel's period of incapacitation would be a compelling reason for equitable tolling, there is no showing that Petitioner otherwise diligently pursued his application the remainder of the time. Petitioner had one year to complete his petition, which the Fifth Circuit has held is "more than enough time," absent some rare circumstance not present here. Fisher, 174 F.3d at 715. Equitable tolling is not designed "for those who sleep on their rights." Id. Accordingly,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Record Document 1] is hereby **DENIED** and **DISMISSED** with prejudice.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this ___8th___ day of August, 2022.

**ELIZABETH E. FOOTE**
**UNITED STATES DISTRICT JUDGE**